NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
<u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

LENNIE LANE III,

                    Appellant,

          v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-11019
Trial Court No. 3AN-08-13841 CR

O P I N I O N

No. 2519 — September 16, 2016

Appeal from the Superior Court, Third Judicial District,
Anchorage, Michael R. Spaan, Judge.

Appearances: Dan S. Bair, Assistant Public Advocate, Appeals
and Statewide Defense Section, and Richard Allen, Public
Advocate, Anchorage, for the Appellant. Timothy W. Terrell,
Assistant Attorney General, Office of Criminal Appeals,
Anchorage, and Craig W. Richards, Attorney General, Juneau,
for the Appellee. Renee McFarland, Assistant Public Defender,
and Quinlan Steiner, Public Defender, Anchorage, for *amicus
curiae* Alaska Public Defender Agency.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley,
District Court Judge.[*]

Judge MANNHEIMER.

---

[*]    Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska
Constitution and Administrative Rule 24(d).

At the conclusion of a jury trial, the defendant in this case, Lennie Lane III, was found guilty of first-degree sexual assault, second-degree physical assault, and evidence tampering.

Following the trial, but prior to sentencing, Lane's attorney filed a motion asking the superior court to make a post-verdict finding (under the procedures set forth in AS 12.47.060) that Lane was "guilty but mentally ill".

Prompted by the defense attorney's motion, the superior court held a hearing at which the court heard testimony from the psychologist who had previously examined Lane. But more importantly, the prosecutor and Lane's attorney both *stipulated* that Lane should be found guilty but mentally ill. Based on the attorneys' stipulation, the superior court declared Lane to be guilty but mentally ill. And later, following Lane's sentencing, the superior court incorporated this finding into its written judgement — adding the words: "The Court has determined that the [d]efendant is [g]uilty, but mentally ill."

Because of the court's "guilty but mentally ill" finding, Lane became statutorily entitled to mental health treatment while he is in prison (as long as he remains dangerous because of a mental disease or defect). [1] But at the same time, because of this finding, Lane suffered a significant legal detriment: he became ineligible for parole or furlough release as long as he is receiving this mental health treatment, and he will potentially face a petition for involuntary mental commitment when he completes his sentence of imprisonment. [2]

Because of these adverse consequences of a "guilty but mentally ill" verdict, this Court examined the record to make sure that Lane had knowingly concurred

---

[1]  AS 12.47.050(a)-(b); *State v. Clifton*, 315 P.3d 694, 699 (Alaska App. 2013).

[2]  AS 12.47.050(d)-(e); *Clifton*, 315 P.3d at 699.

in his attorney's request for the superior court to enter this verdict. The record showed just the opposite.

*A description of how this issue was litigated in the superior court*

As we described earlier, the superior court held a hearing after Lane's attorney filed a post-trial motion asking the superior court to find Lane guilty but mentally ill. At this hearing, the prosecutor expressed surprise at the unusual circumstance that a defendant would ask the court for a guilty but mentally ill verdict — since, in the words of the prosecutor, such verdicts are "[generally] viewed as a negative, because a [defendant] who is guilty but mentally ill ... is not eligible for discretionary parole." The prosecutor suggested that "perhaps [we should get] a few words from [the] defendant."

But instead of addressing Lane personally, the superior court spoke to Lane's attorney, asking him if it was "[his] goal" to have the court find Lane guilty but mentally ill. Lane's attorney confirmed that this was, indeed, his goal — and he asked the court to make that finding "right now", without waiting for any further psychiatric evaluations, to "foreclose any possibility that the doctors would not find [Lane] to be mentally ill."

The superior court then heard testimony from the psychologist who had previously examined Lane. The psychologist told the judge that she diagnosed Lane as having a delusional disorder — and that, with this diagnosis, Lane fit the legal definition of "guilty but mentally ill".

Immediately after the psychologist offered the opinion that Lane might properly be found guilty but mentally ill, the following colloquy occurred between Lane's attorney, the court, and Lane himself:

*Defense Attorney*: I'll accept that. [To Lane:] Do you want to accept that?

*Lane*: What's that?

*Defense Attorney*: Would you like the court now to determine that you're mentally ill, so you can be sentenced under that statute?

*Lane*: Well, I'd like to give this — I've got some letters here. I don't understand what's being said. But I've got some letters I want the judge to look at, since I have filed an attorney grievance [against you] pertaining to [your] conduct during trial.

*The Court*: Okay. Mr. Lane, ... we [have] vacated your sentencing. We'll get it [rescheduled] as soon as we can. I will make the finding, based on the testimony and materials I have, that Mr. Lane is guilty but mentally ill.

Now, as far as the grievance with your lawyer, you could file an appeal [raising] ineffective representation, [or you could] contact the Bar Association. But giving me some letters — there's nothing I could do with them right now, because Mr. Buchholdt is ably representing you at this point, okay?

*Lane*: Well, ... my case is still in review, and I'm just — and I had another attorney that wanted to be here ... for a merit appeal or post-conviction relief.

*The Court*: Okay. But ... [w]e've got to [enter] a judgment before you could appeal, okay?

*Lane*: So ... when are you saying that you would like to sentence me? ... I'd rather not do it today. I'd rather be

committed back to the hospital. If you can hear me out on that.

> *The Court*: Well, look, here's what's going to happen. ... Once I enter the judgment and find you guilty but mentally ill, the statutes provide that you need to be provided, and must be provided, mental health help. Now, it doesn't provide that you necessarily are going to be in API [the Alaska Psychiatric Institute]. The Department [of Corrections] could have you in custody and provide those services. [Addressing the psychologist, who was still on the phone:] Am I correct, Doctor?

> *Psychologist*: He would not be [at API]. He would be in [Department of Corrections] custody.

> *The Court*: Okay. But the services would be provided to him. ... [And being sentenced is] going to make it easier for you to get to the starting line as far as any appeal or ... any other post-conviction relief matters, once there's a judgment. ... So you tell me what you want to do.

> *Lane*: I'm not prepared to go to sentencing today.

> *The Court*: Very good.

This was the last that anyone said about the "guilty but mentally ill" verdict at the hearing.

This record does not show that Lane made a knowing and voluntary decision to have his attorney ask the court to enter a verdict of "guilty but mentally ill". The only time that Lane personally said anything about this issue was in the portion of the proceedings that we have just quoted — when Lane's attorney asked him if he was willing to accept the psychologist's opinion that he should be found guilty but mentally

ill. Lane responded to his attorney's question by saying that he did not understand what his attorney was talking about — and that he wished to complain about the quality of his attorney's representation.

Almost immediately after Lane made these comments, and despite the fact that Lane had just declared that he did not understand what his attorney was talking about, the judge announced that he was finding Lane guilty but mentally ill.

*Why we reverse the superior court's ruling that Lane should be adjudged guilty but mentally ill*

As this Court noted in *State v. Clifton*[3] and in several earlier cases,[4] a finding that a defendant is guilty but mentally ill is "a new type of verdict in criminal cases" — a novel verdict created by the legislature in 1982 when it enacted AS 12.47, the chapter relating to mental illness and criminal responsibility.[5] In particular, AS 12.47.040, AS 12.47.050(a), and AS 12.55.145(f) all speak of the "verdict" of "guilty but mentally ill".

As we explained in *Clifton*, a "guilty but mentally ill" verdict rests on a finding of fact over and above the specific elements of the defendant's crime — an additional finding that, because of mental disease or defect, the defendant "lacked the substantial capacity either to appreciate the wrongfulness of their conduct or to conform their conduct to the requirements of law." *Clifton*, 315 P.3d at 700-01.

---

[3]  *Clifton*, 315 P.3d at 697, 699-700.

[4]  *See, e.g., Lord v. State*, 262 P.3d 855, 856 (Alaska App. 2011); *Lewis v. State*, 195 P.3d 622, 637 (Alaska App. 2008).

[5]  *See* SLA 1982, ch. 143, § 22.

In the present case, Lane did not enter a "guilty but mentally ill" plea before trial, nor was he found "guilty but mentally ill" by the jury at his trial. Instead, Lane was simply found "guilty" at his trial — and then Lane's attorney filed a post-trial motion under AS 12.47.060, asking the superior court to enter "guilty but mentally ill" verdicts instead of the "guilty" verdicts that the jury had reached.

This is the first time that this Court has encountered a post-trial defense request for a verdict of "guilty but mentally ill", and it is not clear how to categorize such a request for purposes of criminal procedure. When we asked the parties for supplemental briefing on this issue, we suggested that Lane's attorney was offering to have Lane enter a post-trial plea of "guilty but mentally ill".[6] However, the Public Defender Agency (appearing as *amicus curiae*) suggests that Lane's attorney was not offering a plea, but was rather offering to have Lane waive his right to jury trial on the additional finding that distinguishes a verdict of "guilty but mentally ill" from a verdict of "guilty".

To decide Lane's case, we need not definitively resolve whether Lane's attorney's action should be viewed as an offer of a plea or, instead, as a waiver of Lane's right to jury trial on the element that distinguishes a verdict of "guilty but mentally ill" from a verdict of "guilty". Under both views, the proceedings in the superior court suffer from the same flaw: the court failed to obtain Lane's personal and knowing approval of the defense attorney's proposed waiver of Lane's procedural rights.

If the defense attorney's action is viewed as an offer of a plea, the superior court failed to abide by the provisions of Alaska Criminal Rule 11(c). This rule requires a court to address the defendant personally to make sure that the defendant (1) understands what allegations they are conceding, (2) understands the general

---

[6] *Lane v. State*, unpublished, 2015 WL 428340, *6 (Alaska App. 2015).

consequences of making that concession, and (3) understands that they are giving up their right to jury trial and their right to demand that the government prove the allegations beyond a reasonable doubt.

The superior court did none of that here. Even though Lane's attorney proposed an action that would deprive his client of the possibility of discretionary parole or furlough so long as Lane continued to suffer from mental illness, the superior court never asked Lane if he understood this, and if he concurred in his attorney's request. Indeed, the superior court granted the attorney's request even though, during the discussion of the plea, Lane openly declared, "I don't understand what's being said."

It is true that Criminal Rule 11(c) speaks only of pleas of guilty and no contest. But Criminal Rule 11 was formulated at a time when there was no verdict of "guilty but mentally ill". If the defense attorney's action in this case is viewed as a post-trial offer of a plea of "guilty but mentally ill", the provisions of Criminal Rule 11(c) would apply to that offer.

(See also Alaska Professional Conduct Rule 1.2(a), which declares that a defense attorney in a criminal case "shall abide by [their] client's decision ... as to [the] plea to be entered". Here, the record indicates that Lane did not even understand what his attorney was doing when the attorney asked the court to find Lane guilty but mentally ill.)

Alternatively, if the defense attorney's action in this case is viewed as a proposed waiver of Lane's right to jury trial on the element that distinguishes a verdict of "guilty but mentally ill" from a verdict of "guilty", the superior court failed to abide by the procedural requirements that apply to such partial waivers of the right to jury trial.

As we spelled out in *Tallent v. State*, 951 P.2d 857, 865 (Alaska App. 1997), and *McGlauflin v. State*, 857 P.2d 366, 368-69 (Alaska App. 1993), when a defendant proposes to waive their right to jury trial on one or more elements of a charged

offense, this waiver can not be made through counsel. It must be made by the defendant personally — and the court can not accept the defendant's waiver until the court has ascertained that the defendant understands the right that is being waived.

*Conclusion*

Because the superior court failed to address Lane personally and verify that Lane understood and assented to his attorney's action, we REVERSE the portion of the superior court's judgement which declares Lane to be "guilty but mentally ill". We direct the superior court to amend the judgement so that it reflects only the jury's verdicts of "guilty".

We further direct the superior court to immediately notify the Department of Corrections of this change in Lane's status.